**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEDYANA OLIVIA CAROLIEN, | No. 08-72104 |
| Petitioner, | Agency No. A096-063-439 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Ledyana Olivia Carolien, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and deny the petition for review.

Substantial evidence supports the agency's finding that Carolien did not suffer past persecution because she was never personally confronted, threatened, or attacked. *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). We do not consider Carolien's contention that the IJ should have applied a lower burden to her past persecution claim, given that she was a child at the time of the primary incidents, because she failed to exhaust that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Even as a member of two disfavored groups, Chinese and Christian, the record does not compel the conclusion that Carolien demonstrated a sufficiently individualized threat of persecution to establish a well-founded fear of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, Carolien's asylum claim fails.

Because Carolien failed to establish her eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

08-72104